**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE & CASUALTY COMPANY

      Plaintiffs,

vs.                               CASE NO.
                                   8:13-CIV-1932-17-TGW

PHYSICIANS GROUP OF SARASOTA, L.L.C.,
PHYSICIANS GROUP, L.L.C. a foreign Delaware
corporation, GARY KOMPOTHECRAS, DAVID
BALOT, DB MEDICAL CONSULTING, INC.,
W.S. MEDIA, INC. a foreign Delaware corporation,
W.S. MARKETING, INC., and WILLIAM SIGELAKIS,

      Defendants.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court on Defendants', Physicians Group of Sarasota, LLC,

Physicians Group, LLC, Gary Kompothecras, David Balot, DB Medical Consulting, Inc., W.S.

Media, Inc., W.S. Marketing, Inc., and William Sigelakis (collectively "Defendants"), Motion

to Dismiss (Doc. 5) and Plaintiffs', State Farm Mutual Automobile Insurance Company and

State Farm Fire & Casualty Company (collectively "State Farm"), response (Doc. 14). The

facts set forth here are taken as true from the complaint only for the purpose of resolving the

motion.

## BACKGROUND AND PROCEDURAL HISTORY

This dispute arises from State Farm's allegations that Defendants have orchestrated a

fraudulent referral scheme to unlawfully collect automobile accident victims' Personal Injury

Protection and Medical Payment Coverage benefits for treatment services rendered at

Physicians Group clinics throughout Florida.

The elaborate patient referral system revolves around Gary Kompothecras,

1-800-ASK-GARY ("ASK GARY"), and the Physicians Group clinics. According to the

complaint, Kompothecras was, and State Farm alleges still is, the Gary behind ASK GARY, as

well as the principal interest-holder in Physicians Group; ASK GARY is promoted as an

independent medical and legal referral service, when in actuality it refers all patients to

Physicians Group clinics.

The other co-Defendants each fill their own role in perpetuating the scheme: there are

shell companies, W.S. Marketing and W.S. Media, created to insulate Kompothecras and

Physicians Group from ASK GARY; a nominee owner, Sigelakis, to further the appearance of

independent control of ASK GARY; an independent contractor, David Balot operating through

DB Medical Consulting, to handle the day-to-day operations and coordination with the ASK

GARY referral service; all allegedly organized and controlled by Kompothecras. The purpose

of the operation is to maintain a high volume of automobile accident victims entering

Physicians Group clinics for treatment services.

State Farm alleges that such services were unlawfully rendered, therefore relieving both

the patients and State Farm of responsibility for the costs of these services under Florida Statute

Section 627.736(5)(b)(1)(b), based on Defendants' alleged violations of the Patient Brokering

Act (Fla. Stat. § 817.505), the Patient Self-Referral Act (Fla. Stat. § 456.053), the

Anti-Kickback Statute (Fla. Stat. § 456.054), the Deceptive and Unfair Trade Practices Act

(Fla. Stat. § 501.201 *et seq*.) ("FDUTPA"), the laws concerning grounds for disciplinary action against chiropractors related to advertising and solicitation (Fla. Stat. § 460.413 (d), (f), and (l)), and administrative rules prohibiting the same (Fla. Admin. C. R. 64B2-15.001(2)(a), (b), and (k)). State Farm's complaint asserts five counts: (I) common law fraud/fraudulent misrepresentation against all Defendants; (II) unjust enrichment against all Defendants; (III) violation of the FDUTPA against all Defendants; (IV) violation of the Patient Self-Referral Act against Physicians Group and Kompothecras; and (V) declaratory relief under 28 U.S.C. Section 2201.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, the complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 577 (2007). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). *Twombly*'s plausibility standard requires that the allegations be more than merely conceivable. *Twombly*, 550 U.S. at 570. A factually sufficient complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court must view the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and limit its consideration to the pleadings and any attached exhibits when determining whether to grant or deny a motion to dismiss. *Jackson v. Okaloosa Cnty.*,

*Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1991); Fed. R. Civ. P. 10(c).

## DISCUSSION

In their motion to dismiss, Defendants ask this Court to exercise its permissive power of abstention and dismiss the complaint in its entirety. Additionally, Defendants claim that the *Rooker–Feldman* doctrine requires dismissal of Counts I–IV. Finally, Defendants argue that the complaint fails to state a cause of action upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) for Counts I–V.

In regards to abstention, this Court finds no doctrine that compels dismissal of the complaint and the *Rooker–Feldman* doctrine is similarly inapplicable. State Farm's complaint meets the *Iqbal* standard as to the merits of each claim presented. Accordingly, the Defendants' Motion to Dismiss Counts I–V is DENIED.

### A.   Abstention

A District Court may decline to exercise jurisdiction only if the circumstances surrounding a dispute fit within the "extraordinary and narrow exception" of the abstention doctrine. *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 813 (1976). "Abstention from the exercise of federal jurisdiction is the exception, not the rule[,]" and is justifiable only in "exceptional circumstances." *Id.* Courts have recognized a number of abstention doctrines, and the Defendants ask this court to employ the *Thibodaux*, *Wilton/Brillhart*, and *Colorado River* doctrines in finding abstention appropriate here.

### 1.   *Thibodeaux* Doctrine

Application of the *Thibodaux* doctrine is appropriate when the District Court is presented with "cases raising issues intimately involved with the States' sovereign prerogative,

4

the proper adjudication of which might be impaired by unsettled questions of state law."

*Quakenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717 (1996) (referencing *La. Power & Light Co.*

*v. City of Thibodaux*, 360 U.S. 25, 28 (1959)). The key question on the appropriateness of

*Thibodaux* is whether "the exercise of federal jurisdiction would disrupt states' attempts to

establish a coherent policy with respect to a matter of substantial public concern." *Paradigm*

*Ins. Co. v. Carter*, 944 F. Supp. 883, 885 (M.D. Fla. 1996) (internal quotations omitted); *see*

*also Burford v. Sun Oil Co.*, 319 U.S. 315, 347 (1943). Although policy matters of substantial

public concern are tangentially related to accusations brought in this complaint, adjudication of

this dispute in federal court would not act upon state policy or co-opt state prerogatives.

Defendants argue that ruling on this dispute would infringe upon Florida's, and the

Florida Bar's, interests in establishing a coherent policy regarding the regulation of legal and

medical referral services. The Florida Bar has recognized that non-lawyer-owned referral

services are not regulated by either the Bar or the state. (Doc. 1-3–1-4) But the issues raised in

State Farm's complaint do not implicate the regulation of such referral services. Counts I–IV

rely on alleged violations of state statutes and rules that govern referral and advertising

practices of medical and chiropractic care providers (Fla. Stat. §§ 817.505, 456.053, 456.054,

and 460.413 (d), (f), and (l)); Fla. Admin. C. R. 64B2-15.001(2)(a), (b), and k)) and FDUTPA

to trigger a payment exception under Florida's Personal Injury Protection insurance statute,

Section 627.736(5)(b)(1)(b). Enforcing existing state policies does not mean disrupting those

policies. *See State Farm Fire & Casualty Co. v. Silver Star Health & Rehab Inc.*, 2011 WL

6338496 (M.D. Fla. Dec. 19, 2011) (*aff'd sub nom. State Farm Fire & Casualty Co. v. Silver*

*Star Health & Rehab*, 739 F. 3d 579 (11th Cir. 2013)); *Allstate Ins. Co. v. Vizcay*, 2011 WL

5870016 (M.D. Fla. Nov. 22, 2011). Accordingly, Defendant's motion for abstention under *Thibodaux* is DENIED.

### 2.   *Wilton/Brillhart* Doctrine

Defendants next request this Court to abstain based upon the doctrines defined in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494–495 (1942) ("Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.") and *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995) (deciding that *Brillhart*'s discretionary standard, rather than the "exceptional circumstances" test from *Colorado River*, 424 U.S. at 818 and *Moses H. Cone Memorial Hospital v. Mercury Constr. Co.*, 460 U.S. 1, 16 (1983) applies in instances where only declaratory relief is sought). If State Farm's complaint included only a request for declaratory judgment, *Brillhart*'s highly discretionary standard would apply. However, since coercive relief is being sought as well, a question arises as to the applicable abstention standard.

Circuits are split as to whether the *Brillhart* doctrine can be applied when a plaintiff requests mixed forms of relief including a declaratory judgment; "[t]his issue has received different treatment in the courts of appeal that have addressed it." *Regions Bank v. Commonwealth Land Title Ins. Co.*, 2012 WL 1135844 (S.D. Fla. Apr. 4, 2012) (quoting *R.R. Street & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009)). However, Florida's Southern District has held the *Wilton/Brillhart* doctrine inapplicable in similar instances. *E.g. Mega Life and Health Ins. Co. v. Tordion*, 399 F. Supp. 2d 1366, 1369 (S.D. Fla. 2005) ("A federal court does not have such broad discretion [as in *Wilton*] when a plaintiff seeks coercive

6

relief . . . in addition to a declaration under the Declaratory Judgment Act."); *Vizcay*, 2011 WL 5870016 at *5 (Though the *Vizcay* court does not mention *Wilton/Brillhart*, it uses the *Colorado River/Cone* doctrine in its abstention analysis over mixed claims.).

The Defendants urge this Court to follow the Southern District of Alabama's lead and employ a "heart of the action" test to decide if declaratory relief sought in the complaint predominates over coercive relief. *Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1237 (S.D. Ala. 2006). This heart of the action rule allows the court to "[cut] through the rhetorical fog" and determine whether a case's mixed claims are merely the sheep's clothing on a declaratory judgment wolf. *Id.* at 1238. But even using *Rolison* as a guide, the circumstances of this case do not call for *Wilton/Brillhart* analysis. The *Rolison* complaint requested a declaratory judgment; the only claims for monetary relief appeared in a counterclaim, a counterclaim filed by the same party arguing against abstention. Furthermore, in the instant case, Counts I–IV can stand independent of Count V. The circumstances of this case are more analogous to *Vizcay* and the more stringent *Colorado River* abstention doctrine should be applied. The Defendants motion for abstention under the *Wilton/Brillhart* doctrine is DENIED.

### 3. *Colorado River* Doctrine

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River*, 424 U.S. at 813. Under this doctrine, only "exceptional" circumstances constitute the "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* This Court must find a critical reason to surrender jurisdiction, rather than a substantial justification to exercise it. *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983); *Northern Ins. Co. of N.Y. v. David Nelson*

7

*Constr. Co.*, 41 F. Supp. 2d 1332, 1338 (M.D. Fla. 1999). *Colorado River* provides four factors to consider in deciding whether to relinquish a matter to state court when faced with parallel litigation: (1) which court first assumed jurisdiction over property; (2) the federal forum's inconvenience for the parties; (3) the relative importance in avoiding piecemeal litigation; and (4) which forum exercised jurisdiction first. *Cone*, 460 U.S. at 15. The court in *Cone* added two more factors: (5) which law, state or federal, shall be applied; and (6) the state court's adequacy in protecting the parties' rights. *Id.* at 26. The six-factor test is a balancing test and "[t]he weight to be given any one factor may vary greatly depending on the case; however, the balance is 'heavily weighted' in favor of the federal court exercising jurisdiction. *Vizcay*, 2011 WL 5870016 at *5 (citing *American Bankers Ins. Co. v. First State Ins. Co.*, 891 F.2d 882, 884 (11th Cir. 1990)).

The first factor is irrelevant to the instant case. Factor two falls against abstention because the "over 1,000 pending cases" (Doc. 5 at 7) referenced by the Defendant are all in Florida and pose no greater inconvenience to the parties than federal litigation in Tampa. With the exception of the federal Declaratory Judgment Act claim, all counts sound in state law, so factor five weighs in favor of abstention. Consideration of factors three, four, and six illustrates the importance of parallelism when conducting an abstention analysis.

Parallelism of parties is lacking. District courts in this Circuit have denied abstention when federal litigants are not parties in the state court proceeding. *See Nacol v. Keith Wood Agency, Inc.*, 750 F. Supp. 1128, 1130–1131 (M.D. Fla. 1990) (finding differences in parties and issues between state and federal actions weighed against abstention); *Regions Bank v. Commonwealth Land Title Ins. Co.*, 2012 WL 1135844 (S.D. Fla. Apr. 4, 2012) ("Here, the

Court finds that the state court action is not truly parallel because Commonwealth is not a litigant in the state court proceeding."); *Amerisure Ins. Co. v. R.L. Lantana Boatyard, Ltd.*, 2010 WL 4676503 (S.D. Fla. Nov. 9, 2010) (concluding that there was no need for the court to consider abstention—though under *Brillhart*—because there were differences in both parties and issues between the state and federal suits). The cases in state court involve suits by Physicians Group of Sarasota, L.L.C. against State Farm seeking to recover the difference between the Personal Injury Insurance coverage payments State Farm has paid and what Physicians Group claims is owed. (*Eg.* Doc. 41-1 at 1–4) No evidence of the other named Defendants' appearance in these state suits has been provided. The state cases and this federal controversy lack parallelism of issues as well. Some facts are the same: automobile accident victims, insured by State Farm, have received treatment from Physicians Group clinics and State Farm disputes the bills. Yet the legal issues raised in these two jurisdictions do not overlap. The question of parallel litigation was addressed in the Defendants' Notice of Supplementary Authority (Doc. 37) and State Farm's Response to Defendants' Notice of Supplemental Authority (Doc. 41). Defendants point to State Farm's "Set-Off/Recoupment" affirmative defense in eight of the pending state court actions as proof that the unlawful referral/solicitation claims brought in State Farm's federal complaint are already being litigated in state court. (Doc. 37 at 1–2) State Farm responds that this defense does not allege unlawful services, but rather provides for a set-off in the instance that State Farm has paid bills for services later deemed illegal. (Doc. 41 at 1–3) The clearest statement of the issues being litigated, or not, in state court comes from Physicians Group of Sarasota's "Facts of the Case" in their Partial Motion for Partial Summary Judgment (Sarasota County, Case No.:

2012-CC-007013-NC):

> Furthermore, the Defendant has made no allegation that the
> medical treatment; the medical supplies or medical services were
> unlawfully rendered has been made nor that Assignor was
> unlawfully referred to the Plaintiff by any person or entity
> involving this claim. *Please see Affidavit of David Balot.*
> (emphasis in original)

(Doc. 41-1 ¶ 13) Insufficient overlap of parties or issues exists to implicate abstention in any of the remaining three factors; the dissimilarity of the disputes dispenses with the threat of piecemeal litigation, the question of which court obtained jurisdiction first, and the issue of the state court's adequacy to protect the parties' rights. The Defendants' motion for abstention is DENIED.

### B. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine prevents the federal district court from being used an alternate appellate jurisdiction; its use "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1273 (11th Cir. 2009) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). With its ruling in *Exxon Mobil*, the Supreme Court limited the preclusive action of *Rooker-Feldman* to those suits filed in federal court "after the state proceedings ended[.]" *Exxon Mobil*, 544 U.S. at 291. The Eleventh Circuit has defined the three scenarios of a state proceeding reaching its end: "(1) when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved; (2) if the state action has reached a point where neither party seeks further action; or (3) if the

10

state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated." *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 (11th Cir. 2013) (citing to *Nicholson*, 558 F.3d at 1275).

Defendants have presented no evidence to this court of a state court proceeding that has reached such an end point. Defendants' motion to dismiss based on the *Rooker-Feldman* doctrine is DENIED.

### C.   Rule 12(b)(6) Motion to Dismiss

#### 1.   Count One, Fraud

Under Florida law, common-law fraud consists of five essential elements: "(1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person." *Perry v. Cosgrove*, 464 So. 2d 664, 666 (Fla. 2d DCA 1985). Federal Rule of Civil Procedure 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Defendants move to dismiss Count I for failure to comply with Rule 9(b)'s elevated pleading standard for fraud.

In *State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc.*, 2011 WL 6450769 (M.D. Fla. Dec. 21, 2011), the insurer predicated a common-law fraud claim on violations Florida's No-Fault statute, specifically, "that no statement of medical services may include charges for medical services of a person or entity that performed such services without possessing the valid licenses required to perform such services." *Id.* at *4 (internal

11

quotations omitted); Fla. Stat. § 627.736(5)(d). For the purposes of ruling on a motion to dismiss, the *Altamonte Springs* court held that the insurer's allegations of secret ownership of the medical practice in violation of Florida Statute Section 400.9905(4)(g)—exempting health care clinics owned by licensed health care practitioners from more stringent and expensive licensing requirements—coupled with an accounting of bills submitted from clinic to insurer satisfied the Rule 9(b) pleading requirements. *Altamonte Springs*, 2011 WL at **3–4.

State Farm has alleged facts sufficiently particular at the pleading stage to establish the plausibility of violations of the Patient Brokering Act, Patient Self-Referral Act, Anti-Kickback Act, and FDUTPA, namely, the relationships between co-defendants and the roles played by each to conceal the nature of those relationships in order to ensure a continued supply of referrals to Physicians Group clinics. Similar to the allegations of violations of Florida Statute Section 627.736(5)(d), the alleged violations of the above-referenced statutes satisfy the first four elements of fraud for the purposes of Rule 9(b). Exhibit three of State Farm's complaint (Doc. 1-5) satisfies element five of fraud, detailing each relevant claim by claim number, date, and amount. *Compare Altamonte Springs*, 2011 WL *4 *with U.S. ex rel. Clausen v. Lab. Corp. of America, Inc.*, 290 F.3d 1301, 1306–1307 (11th. Cir. 2002) (affirming dismissal of False Claims Act suit based on "failure to identify a single fraudulent claim by date filed, amount or claim number that was actually submitted to the government[]") (internal quotations omitted).

Defendant's motion to dismiss Count I is DENIED.

### 2. Unjust Enrichment

A claim for unjust enrichment must satisfy four essential elements: (1) the plaintiff must confer a benefit upon the defendant; (2) the defendant must have knowledge of the benefit; (3)

the defendant accepts and retains the benefit; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof. *Jackson-Jester v. Aziz*, 48 So. 3d 88, 90 (Fla. 2d DCA 2010). Defendants argue that State Farm's unjust enrichment claim must fail as a matter of law because no benefit was conferred on any Defendant other than Physicians Group and Physicians Group exchanged adequate consideration for any benefit it enjoyed. (Doc. 5 at 19)

"[T]he cause of action for unjust enrichment does not require that Defendant[s] individually receive payments directly from Plaintiffs." *Metrahealth Ins. Co. v. Anclote Psychiatric Hosp., Ltd.*, 1997 WL 728084 (M.D. Fla. Oct. 23, 1997); *State Farm Mut. Auto. Ins. Co. v. Kugler*, 2011 WL 4389915 (S.D. Fla. Sept. 21, 2011). It can be reasonably inferred that individuals intimately involved with the organization and operation of the entity that directly received a benefit have benefitted themselves so as to support a claim for unjust enrichment against them "in their individual capacities." *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 427 F. App'x 714, 722–723 (11th Cir. 2011). "Florida law does not require a 'direct benefit' to flow to a defendant in order to be liable for unjust enrichment." *Vizcay*, 2013 WL at *4. It can be reasonably inferred that the co-Defendants other than Physicians Group benefitted if Physicians Group was unjustly enriched.

As a general rule, "[w]hen a defendant has given adequate consideration to [a plaintiff] for the benefit conferred, a claim of unjust enrichment fails." *American Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331–332 (Fla. 5th DCA 2007). Unlawfully rendered services, however, cannot qualify as adequate consideration. According to the Eleventh Circuit, Florida law supports a cause of action for unjust enrichment upon a defendant's acceptance and retention of

a benefit "that it is not legally entitled to receive in the first place[.]" *Silver Star*, 739 F.3d at 584

(affirming insurer's claim for unjust enrichment against medical clinic operating in violation of

Florida Statute Section 400.9905(4)(g)); *see also Altamonte Springs*, 2011 WL at *5 (holding

that insurer did not bargain for unlawfully rendered medical services, and provider's retention

of payments for these services was sufficient to support cause of action for unjust enrichment).

If Physicians Group's treatment services were unlawfully rendered, State Farm was under no

obligation to pay for these services under Florida Statute Section 627.736(5)(b)(1)(b);

Physicians Group's retention of these payments can therefore substantiate a claim for unjust

enrichment.

Defendants' motion to dismiss Count II is denied.

### 3.   FDUTPA

The purpose of FDUTPA is "protect the consuming public and legitimate business

enterprises from those who engage in unfair methods of competition, or unconscionable,

deceptive, or unfair acts or practices in the conduct of any trade or commerce." *Rollins, Inc. v.

Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006); Fla. Stat. § 501.202(2). An unfair practice is

one that "offends established public policy and when the practice is immoral, unethical,

oppressive, unscrupulous or substantially injurious to consumers, or competitors or other

businessmen." *MJS Music Publications, LLC v. Hal Leonard Corp.*, 2006 WL 1208015 (M.D.

Fla. May 4, 2006). The FDUTPA is to be liberally construed, Fla. Stat. § 501.202, and courts,

therefore, apply a "broad reading" of the practices that run afoul of the Act. *Furmanite Am., Inc.

v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1134, 1147 (M.D. Fla. 2007); *MJS Music*, 2006 WL at

*2 (declaring that courts have applied an "extremely broad" concept of liability under

FDUTPA).

Section 501.212(4)(a), Florida Statutes, states that "[a]ny person or activity regulated under laws administered by . . . The Office of Insurance Regulation of the Financial Services Commission" falls outside the reach of FDUTPA. Defendants urge this Court to dismiss Count III based on this section. However, other courts that have addressed the question of whether Personal Injury Protection fraud can sustain a claim under the Act have answered in the affirmative. *See Physicians Injury Care Ctr.*, 427 Fed. App'x at 723; *Kugler*, 2011 WL at *12. In the absence of additional authority, Defendants' motion to dismiss Count III is DENIED.

### 4. Patient Self-Referral Act

Defendants argue that Florida's Patient Self-Referral Act does not provide a private right of action. The provision in dispute states, "[n]o claim for payment may be presented . . . for a service furnished pursuant to a referral prohibited under this section. . . . If an entity collects any amount that was billed in violation of this section, the entity shall refund such amount on a timely basis to the payor or individual, whichever is applicable." Fla. Stat. § 456.503(5)(c)–(d). In determining whether a statute provides a private cause of action, the court must determine whether the statute purports to establish civil liability or "merely makes provision to secure the safety or welfare of the public[.]" *Villazon v. Prudential Health Care Plan, Inc.*, 843 So. 2d 842, 852 (Fla. 2003). In answering this question, the intent of the legislature should be the court's primary consideration. *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985–986 (Fla. 1994). There also exists an assumption that the legislature does not create a statutory right absent some means of enforcing it, "for where a statute gives a right, there, although in express terms it has not given a remedy, the remedy which by law is properly

15

applicable to that right follows as an incident." *Smith v. Piezo Tech. & Prof'l Adm'r*, 427 So. 2d 182, 184 (Fla. 1983).

The language of Section 456.503(5)(d) clearly establishes a payor's right to a refund, and the provision cannot rightfully be considered as a tool to ensure the public's safety or welfare. Accordingly, Defendants' motion to dismiss Count IV is DENIED.

### 5. Declaratory Judgment Act

State Farm asks this Court for, "a judgment declaring that all outstanding claims or charges submitted by Physicians Group to State Farm for No-Fault Benefits are not owed because they are for services and treatments that were not lawfully rendered." (Doc. 1 ¶ 148) No legal bar exists to State Farm's present claim for declaratory judgment. The cases cited by the Defendant stand for the proposition that federal district courts have subject-matter jurisdiction in declaratory judgment actions when the plaintiff could otherwise file a coercive action under federal law. *Household Bank v. JFS Group*, 320 F.3d 1249, 1259 (11th Cir. 2003); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–672 (1950) (holding that the Declaratory Judgment Act did not enlarge or modify the jurisdiction of the federal district courts). State Farm is not using the declaratory judgment claim to attempt to establish federal jurisdiction.

Defendants' motion to dismiss Count V is DENIED. Accordingly, it is

**ORDERED** that the Motion to Dismiss (Doc. 5) filed by Physicians Group of Sarasota, LLC, Physicians Group, LLC, Gary Kompothecras, David Balot, DB Medical Consulting, Inc., W.S. Media, Inc., W.S. Marketing, Inc., and William Sigelakis be **DENIED**. The Defendants

16

have ten days to answer the complaint in this case and the parties have up to and including April 21, 2014 to file a case management report.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 25th day of March, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record
Assigned Magistrate Judge

17