IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE & CASUALTY COMPANY,

    Plaintiffs,

v.                                                          CASE NO: 8:13-cv-01932-EAK-TGW

PHYSICIANS GROUP OF SARASOTA, L.L.C.,
PHYSICIANS GROUP, L.L.C., a foreign Delaware
Corporation, GARY KOMPOTHECRAS, DAVID
BALOT, DB MEDICAL CONSULTING, INC.,
W.S. MEDIA, INC., a foreign Delaware corporation,
W.S. MARKETING, INC., and WILLIAM SIGELAKIS,

    Defendants.

PHYSICIANS GROUP, L.L.C., a foreign Delaware
Corporation,

    Counterclaim Plaintiff

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE & CASUALTY COMPANY,

    Counterclaim Defendants
_____/

**W.S. MEDIA, INC. AND W.S. MARKETING, INC.'S MOTION FOR PROTECTIVE
ORDER, REQUEST FOR ORAL ARGUMENT AND REQUEST
TO STAY PRODUCTION OF SUBPOENAED DOCUMENTS PENDING RULING**

Defendants W.S. Media, Inc. ("W.S. Media") and W.S. Marketing, Inc. ("W.S.

Marketing")(collectively "Defendants"), by and through undersigned counsel, hereby file their

Motion for Protective Order. For the reasons that follow, Defendants respectfully request that

1

the Court grant this Motion as to the non-party subpoenas at issue (attached hereto as Composite A, respectively) and stay any production until this Motion has been ruled upon.

## MEMORANDUM OF LAW

**I. INTRODUCTION**

Defendants Physicians Group and Gary Kompothecras recently filed a Motion to Quash or in the Alternative Motion for Protective Order (Dkt.56). W.S. Marketing and W.S. Media joined in that Motion (Dkt 59).[1] The non-party subpoenas to Verizon and Supermedia, attached as Composite Exhibit A, are simply the latest example of State Farm's overreaching discovery tactics. The subpoenas essentially seek any and all documents covering every transaction and/or conversation between the Defendants and the subpoenaed parties over the course of nine (9) years. State Farm did not even attempt to limit its requests in any meaningful manner but instead cast the widest and most indiscriminate net possible. Yet again, this type of shotgun approach to litigation, designed simply to increase costs and bring to bear the disparate financial resources of the parties, is part and parcel with State Farm's well-worn litigation strategy, which should not be countenanced by this Court.

**II. ANALYSIS**

    **A. A Protective Order is Warranted.**

A protective order may be issued under Fed. R. Civ. P. 26(c) to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In determining whether to issue a protective order, courts have an obligation to weigh the interests of the party seeking the discovery against the opposing party's interests in preventing it. *Farnsworth v.*

---

[1] The previously filed Motion to Quash set forth facts surrounding State Farm's illicit pattern of abusive discovery practices and scorched Earth litigation strategy. Defendants incorporate those facts into this Motion.

*Procter & Gamble*, 758 F.2d 1545, 1547 (11th Cir. 1985). The standard for issuance of a protective order is good cause. *See* Fed. R. Civ. P. 26(c). The party resisting discovery has the burden to prove its objections by showing that the request "(1) does not come within the scope of relevance as defined in Fed.R.Civ.P. 26(b)(1) or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."*Wagner v. Viacost.com*, No. 06-81113-Civ, 2007 WL 1879914 at *1 (S.D. Fla. June 29, 2007).

Here, the records sought by State Farm do not go to the thrust of its case, but rather is designed to malign Defendants in the eyes of advertising vendors and otherwise harass. Both subpoenas seek the same documents (with the exception of two categories discussed below). The breadth of the requests literally attempts to sweep into the ambit of discovery every stitch of paper that in any way relates to any Defendant in this matter. Nothing in the Rules nor the allegations of the Complaint would allow for such a carpet-bomb approach to discovery, especially not when such requests cover an impermissible and irrelevant period of time of nine years. Such an aggressive time frame is reason in and of itself to grant this motion, as it seeks information from a time period when no corporate defendant was even in existence and covers a time period that is more than double any applicable statute of limitations period for any pled claim.

Furthermore, requests Nos. 4 and 9 of both subpoenas go directly to the rates being charged/paid for advertisements. Not only does such information have no relationship to this action but the requests are designed only for the purpose of harassment and annoyance (as State Farm understands this information would not otherwise be public knowledge). There is simply no relevance to State Farm's cause of actions that could possibly be distilled by the amount of

payments paid to either Verizon or Supermedia. For this independent reason, the Motion for Protective Order should be granted.

The gravamen of Plaintiff's complaint herein is that Defendants' advertising is misleading and that relationships with attorneys through a registered attorney referral service somehow give rise to an illegal kickback arrangement because the Court should imply a quid pro quo, and also gives rise to an inference that there must be an illegal self-referral arrangement going on. These two subpoenas seek yellow pages advertising from the beginning of time to the present, financial information as to billing rates, and all discovery from an unrelated case, when the only thing with even a chance of leading to relevant and admissible evidence is the yellow page advertisements themselves. Fed. R. Civ. P. 26 (2) (C) (i) provides the Court must limit the frequency or extent of discovery otherwise allowed if the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. In this instant case the yellow page ads themselves are in the public domain, which would be of little cost to anyone, or the subpoenas could be narrowed to only include the ads themselves. All the other facts about the business and business relationships of W.S. Media, Inc. or W.S. Marketing, Inc. or any other defendant are simply out of bounds. The only discovery that ought to even be contemplated is the production of the ads themselves for the relevant period in which ASK GARY has been a registered referral service and the defendants W.S. Media, Inc. and/or W.S.Marketing, Inc. have been in existence.

Finally, State Farm seeks from Supermedia all documents that relate to a lawsuit with W.S. Marketing concerning a dispute over charges for advertisements.

10. All discovery exchanged by the parties in Supermedia, LLC v. W.S. Marketing, Inc. 8:11-cv-00296-VCM-TBM (M.D. Fla. 2011).

11. All documents produced by the parties in Supermedia, LLC v. W.S. Marketing, Inc. 8:11-cv-00296-VCM-TBM (M.D. Fla. 2011).

The basis of that case simply has no relationship to any of the causes of action brought by State Farm in this matter. That case was merely a collection case on the part of Supermedia with a counter-claim by W.S. Media. As it is commonly known that Supermedia, LLC publishes Yellowbook yellow pages, Plaintiffs could certainly get any of the advertising described in the pleadings without the necessity of getting into the discovery from that case. It is simply a case of Plaintiff's casting a wide net without regard for what it might catch, hoping the tactic will yield evidence that might or might not turn out to be relevant or lead to relevant or admissible evidence. Here again, State Farm merely seeks to blight Defendants in the eyes of vendors that it may decide to do business with in the future. There is no other logical basis. other than to annoy and harass Defendants, for seeking such documents. Since there is merely a request for all discovery and all documents, there is no way for the Court, much less Plaintiff' to ascertain whether such discovery from that case would be discoverable in the case at bar. Accordingly, having no relevance to the matter framed by the operative pleadings, these requests should be prohibited and a Protective Order should be granted.

### III. CONCLUSION

Based on the foregoing, and the facts surrounding State Farm's improper discovery strategy set forth in the prior Motion to Quash that Defendants joined, W.S. Marketing and W.S. Media, respectfully request that the Court grant their Motion for Protective Order and prohibit the requests at issue in the two subpoenas attached hereto. Good cause has been shown and the

balancing test set forth in *Farnsworth* favors granting this Motion as the documents sought have no rational relationship to the claims set forth in State Farm's Complaint. Furthermore, Defendants respectfully request that the Court enter a preliminary Order, staying the requirements of the subpoena until this matter can be ruled upon.

## REQUEST FOR ORAL ARGUMEMNT

Pursuant to Local Rule 3.01(j), Defendants respectfully request that oral argument be set on this matter and the Court reserve thirty (30) minutes for argument.

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 3.01(g) the undersigned counsel conferred with counsel for Plaintiffs concerning the requested extension but could not come to agreement on relief sought herein, however, Plaintiff's counsel did agree to attempt to better define what is sought by way of the discovery produced in the subpoena to Supermedia, items 10 and 11.

DATED: June 19th, 2014.

Respectfully Submitted,

*/s/ Gregory A. Zitani*\_\_\_
GREGORY A.ZITANI, ESQ.
Fla. Bar No. 0188956
West Coast Law PLLC
4046 Sawyer Road, Suite D
Sarasota, Florida 34233
Tel: (941) 552-0373
Fax: (941) 377-3886
filings1@westcolaw.com
filings 2 @ westcolaw.com
greg.zitani@westcolaw.com
Attorneys for Defendants W.S. Media, Inc.,
W.S. Marketing, Inc. (now merged into W.S.
Media, Inc.) and William Sigelakis, an
individual

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of June, 2014, this document was electronically filed with the Clerk of this Court by using the CM/ECF system, which will serve a copy on all counsel of record.

<pre>                                    /s/ Gregory A.Zitani_____
                                    Attorney</pre>