UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE FARM MUTUAL             :
AUTOMOBILE INS. CO., *et. al.*   :
                             :
v.                         : CASE NO. 8:13-CV-1932-T-36TGW
                             :
PHYSICIANS GROUP OF       :
SARASOTA, *et. al.*             :

## O R D E R

THIS CAUSE came on for consideration upon defendants' Physician Group LLC and Gary Kompothecras's Motion to Quash Non-Party Subpoenas or, in the Alternative, Motion for Protective Order (Doc. 56); Defendants W.S. Media, Inc., and W.S. Marketing, Inc.'s Motion for Protective Order Regarding Production of Subpoenaed Documents (Doc. 61); and W.S. Media, Inc., W.S. Marketing, Inc.'s and William Sigelakis' Motion for Protective Order regarding Production of Documents Subpoenaed from Matthew Kannady (Doc. 66).<sup>*</sup>

---

<sup>*</sup>The motion was withdrawn as to the subpoena duces tecum served upon Supermedia (Doc. 76).

As aptly noted in the motions, the subpoenas duces tecum are patently overbroad, in violation of Rule 45, F.R.Civ.P.  Thus, "[a] party issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoenas."  Rule 45 provides that the "court ... must enforce this duty..." <u>see</u> <u>also</u> Rule 26 (c), F.R.Civ.P. (The court may issue an order to protect a party or person from undue burden or expense.).

In this regard, it has long been my position that discovery requests which broadly seek all documents "relating to," or "reflecting," a topic are patently unreasonable because it obligates the entity to whom the subpoena is directed to review every document in its possession from the relevant time period for responsive documents.   Moreover, due to overbreadth, the requests necessarily encompass irrelevant information. Consequently, I regularly reject such discovery requests.

The subpoenas duces tecum at issue in this case have the same defect.   Thus, they include numerous broadly worded requests seeking documents that "reflect" or "relate to" a topic, which essentially requires the entity to review every written and computerized document from 2005 to the

present for responsive information.  In fact, according to the plaintiff's definitions of terms, "reflect[]" or "relate[] to" responsive documents include those that may only "indirectly" "support" or "contradict" the request (see, e.g., Doc. 56-1, p. 2).  Accordingly, it is appropriate to quash the subpoenas as patently overbroad. On the other hand, this circumstance does not mean that the plaintiff cannot draft more focused and appropriate discovery requests.  This is also not a ruling on the merits of any other objection. Rather, the point is to properly focus the discovery requests so that they are not overly burdensome, and so that the court and parties do not convene simply to state that the discovery requests must be revised and narrowed, as the overbreadth objection is so obviously meritorious.  Accordingly, entry of protective orders prohibiting discovery is not appropriate at this point.

It is, therefore, upon consideration

ORDERED:

1.    That defendants' Physician Group LLC and Gary Kompothecras's Motion to Quash Non-Party Subpoenas or, in the Alternative, Motion for Protective Order (Doc. 56) is **GRANTED to the extent** that the subpoenas duces tecum served upon Bank of America, N.A.;

Winters & Yonker, P.A.; Law Offices of Burnetti, P.A.; Morgan & Morgan, P.A.; and Farah & Farah, P.A., are hereby **QUASHED**.

2.   Defendants W.S. Media, Inc., and W.S. Marketing, Inc.'s Motion for Protective Order (Doc. 61) regarding Production of Subpoenaed Documents is hereby **GRANTED to the extent** that the subpoena duces tecum to Verizon is hereby **QUASHED**.

3.   W.S. Media, Inc., W.S. Marketing, Inc.'s and William Sigelakis' Motion for Protective Order regarding Production of Documents Subpoenaed from Matthew Kannady (Doc. 66) is **GRANTED to the extent** that the subpoena duces tecum to Matthew Kannady is hereby **QUASHED**.

DONE and ORDERED at Tampa, Florida, this _19th_ day of September, 2014.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE