## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE & CASUALTY COMPANY,

      Plaintiffs,

v.                                    CASE NO: 8:13-cv-01932-CEH-TGW

PHYSICIANS GROUP OF SARASOTA, L.L.C.,
PHYSICIANS GROUP, L.L.C., a foreign Delaware
Corporation, GARY KOMPOTHECRAS, DAVID
BALOT, DB MEDICAL CONSULTING, INC.,
W.S. MEDIA, INC., a foreign Delaware corporation,
W.S. MARKETING, INC., and WILLIAM SIGELAKIS,

      Defendants.

_____/

## PROTECTIVE ORDER

During the course of the above captioned action ("Action"), the parties and/or the non-parties to this action may be required to produce relevant information, or information reasonably designed to lead to the discovery of relevant information, that is privileged, trade secret, or confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G) ("Confidential Information"). In order to expedite the flow of discovery material and facilitate prompt resolution of disputes over confidentiality, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is

ORDERED THAT:

1.     <u>Proceedings and Information Governed.</u> This Protective Order shall govern any documents, information or other things furnished by the parties, including the parties' representatives, in connection with the discovery and pretrial phase of this proceeding and also

1

governs production of documents by non-parties. The information so governed includes, but is not limited to, Rule 26 disclosures, responses to requests to produce documents or other things, responses to interrogatories, responses to non-party document requests, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof. The Protective Order does not govern proceedings during trial nor does it prohibit any party from seeking a protective order to govern proceedings during trial.

    2.    <u>Designation of Information for Protection Under This Protective Order.</u>

    (a)    Any information produced in this action that is reasonably believed, in good faith, by the producing party's counsel, to be proprietary or confidential may be designated as "Confidential Information." Such designation may be made by stamping or otherwise marking the material prior to production as follows: "Confidential Information." In the case of written material, documents or tangible items, the designation "Confidential Information" shall be made by the producing party at the time the receiving party is provided a copy of the writing or thing. For multiple page documents, the designation "Confidential Information," shall be made on the first page of the documents, but shall apply to all pages of such documents unless expressly provided otherwise by the producing party. In the case of deposition testimony, a party seeking to invoke the protection of this Protective Order as to "Confidential Information" shall give prompt notice thereof at the initiation, conclusions, termination, or suspension of said deposition of testimony or portion of testimony that is designated as Confidential Information. In the event such notice is given, the provisions of paragraphs 9 and 10 below shall apply. Notice that a deposition or any portion of the deposition is Confidential Information must be made to all parties no later than twenty-one (21) days after receipt of the transcript. All deposition transcripts shall be treated as Confidential Information for twenty-one (21) days after

receipt of the transcript. Once the twenty-one (21) days has passed, if the transcript has not been designated as Confidential Information, except upon stipulation by the parties or Court order, the transcript shall no longer be considered Confidential Information.

      (b)    In addition, the following documents shall be deemed and designated "Confidential" and subject to the provisions of this Protective Order without the requirement of further designation and marking:

      (i)    Any document contain Protected Health Information ("PHI") as that term is defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA");

      (ii)    Any patient medical record as defined by Section 456.057, Florida Statutes; and

      (iii)    All patient and claim files, including file jacket and contents which include but are not limited to visit notes, photographs/videos/text, operative reports, discharge summaries, radiological films, copies, prints and extracts, medical record abstracts (e.g. history, physical, operative reports, entire patient medical records, psychological reports or profiles, diagnostic test results, billing statements, claim forms, explanation of benefit forms, prescriptions, and referrals).

Notwithstanding the designation of documents or information described above in paragraph 2(a) and (b) as "Confidential," that designation may be challenged in the same manner as challenges are made to any other documents or information so designated.

      (c)

To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, disks, networks or tapes) ("Computerized Material") is produced by any person or entity in such form, the producing person or entity may designate such matter as "Confidential," pursuant to this Paragraph 2, by cover letter referring to such matter and specifically identifying what portions of such matter are being deemed confidential. Whenever any person to whom Computerized Material designated

as "Confidential" is produced reduces such material to hard-copy form, such person shall designate such as "Confidential Information" as provided for in Paragraph 2 above.

        (d)    Inadvertent Production of Production of Privileged Information: Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving party in writing of such inadvertent production within a reasonable time after the discovery of the inadvertent production.  If notification is made, such inadvertently produced documents and all copies thereof, , shall be returned to the producing party, and all notes or other work product reflecting the contents of such materials shall be destroyed and such returned or destroyed material shall be deleted from any litigations-support or other database.  No use shall be made of such documents during depositions or at trial, nor shall they be disclosed to anyone who has not given access to them before the request to return or destroy.  The party returning such documents may move the Court for an order compelling production of the material, but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an order.

        3.    <u>Disclosure of Confidential Information</u>.   Confidential Information may be disclosed by the received party only to:

        (a)    The attorneys of record in this proceeding, each party's in-house counsel, and any attorneys retained by the parties in this action to consult on the action, and their respective associates, clerks, legal assistants, stenographic and support personnel;

        (b)    Organizations retained by the attorneys identified in paragraph 3(a) to provide support services in this action and the employees of said organizations;

(c)     Independent experts and consultants retained in this proceeding and the employees of such experts and consultants who are assisting them who execute the undertaking attached hereto as **Exhibit "A"**;

(d)     Deponents who have been advised of this Protective Order and their obligations thereunder;

(e)     Persons who were the authors or original recipients of such documents;

(f)     Witnesses and/or potential witnesses to the extent reasonably necessary to testify, prepare to testify, or determine the witness's or potential witness's knowledge as it pertains to this case; and

(g)     Such other persons hereafter may be designated by written agreement of all parties in this action or by order of the Court, obtained by motion, permitting such disclosure.

4.     <u>Distribution of Confidential Information</u>.  Unless otherwise approved by the parties in writing, no copies, summaries or abstracts of Confidential Information shall be made by parties or their counsel for distribution or for use by persons other than those designated in paragraph 3.  Such distributions shall be solely for the purpose of preparation and trial of this litigation, and for no other purpose.  Any party distributing Confidential Information shall do so in such a manner as to reasonably ensure that those persons or entities receiving the Confidential Information shall ensure that the information shared be protected from any disclosure or dissemination not otherwise provided for by this Order.  Nothing in this subsection is intended to preclude or limit the production of copies of Confidential Information for the sole purpose of this litigation.

5.     <u>Use</u>. Confidential Information shall be used by the party and any other persons as authorized herein to whom it is disclosed solely in connection with this proceeding  shall not be

used by such party or any other persons as authorized herein for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court. No person who is furnished Confidential Information shall disclose it to any person not entitled under this Protective Order to receive it.

6.    Court Procedures.

(a)    The parties shall conform to the procedures for filing documents under seal as set forth in M.D.Fla. L.R. 1.09(b).  In complying with L.R 1.09(b), any documents, depositions or other information designated as Confidential Information, or any pleading, memorandum, motion, or other paper, including Deposition Notices, Interrogatories, Requests for Document Production and Subpoenas, which reproduces, paraphrases, summarizes or refers to such designated , if to be filed with the Court, shall first be provided to the Clerk along with a motion that has been filed and served entitled, "Motion to Seal Pursuant to [this Protective Order]." The Motion shall also include: (i) a citation to this Order authorizing the seal; (ii) an identification and description of each item submitted for sealing; (iii) a statement of the proposed duration of the seal (which the parties have stipulated shall be one (1) year and may be renewed as provided by L.R. 1.09(c)); and (iv) a statement establishing that the items submitted for sealing are within the scope of the protections provided by this Order.

(b)    Nothing in this Protective Order shall be construed to affect the admissibility of any document, material or information at any trial or hearing.  With respect to patient identifiable medical records, absent further order of the Court, such records shall either be redacted of all patient identifiable information prior to being offered into evidence at a hearing or trial by a party, or when redaction is impracticable, the records shall be offered by the party under seal.  Prior to offering any other Confidential Information in evidence at trial or any court

hearing, the party seeking admission of the Confidential Information shall provide reasonable advance notice to all affected parties of the intent to seek the introduction of the Confidential Information, and shall inform the Court of the Confidential designation of the document or information, and shall seek a determination by the Court as to whether the document or information should be received by the Court under seal. Any hearing which refers to or describes Confidential Information shall in the Court's discretion be held *in camera*.

7.  Party's Own Information. The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use by recipients of Confidential Information, received from another party or non-party. A party is free to do whatever it desires with its own Confidential Information.

8.  Removal. A party may challenge the designation of Confidential Information of any document or information through the following procedures:

(a)  Within twenty-one (21) days after disclosure, or such other time as the Court may allow or to which the parties may agree in writing, the party or person seeking to challenge the designation of Confidential Information shall give counsel of record for the other party or non-party (or shall communicate directly with the non-party if the non-party is not represented by counsel) written notice thereof, with a copy to counsel for the parties, supported by reasons therefore specifying the documents, information or other thing as to which such removal is sought;

(b)  If the parties cannot reach agreement concerning the matter within fifteen (15) days after delivery of the notice, or such other time as the Court may allow or to which the parties may agree in writing, then the party seeking the removal of Confidential Information from this Protective Order may file and serve a motion for an order of the Court for appropriate

relief. Such motion must be filed and served within fifteen (15) days after the expiration of the fifteen-day period referred to previously, or such other time as the Court may allow or to which the parties may agree in writing. The party or non-party seeking to protect the information and/or document bears the burden, in any such motion, to establish the appropriateness of the protection sought.

(c) If the Court determines that the designation of or objection to material as Confidential Information was not made in good faith, then the party making such designation or objection which prompted the need for the Court's intervention shall be required to pay the attorneys' fees and costs of the party(s) associated with having the improperly applied designation removed. or improperly sought objection overruled.

9. <u>Depositions</u>. Any deposition reporter who transcribes testimony in this action at a deposition shall be given a copy of this Protective Order and shall be required to agree on the transcript of the deposition, before taking down any such testimony, that all testimony and information revealed at the deposition shall not be disclosed by such reporter or any person who transcribed such testimony, except to the attorneys of record for the parties in this action. In addition, all deposition testimony and exhibits designated "Confidential Information" shall be bound in a separate transcript and clearly marked on each page "Confidential Information." Videographers present during depositions shall also be given a copy of this Protective Order and shall be required to agree on the transcript of the deposition, before videotaping any such testimony, that all testimony and information revealed at the deposition shall not be disclosed by such videographer, except to the attorneys of record for the parties in this action. At any time during the deposition, if any party wishes to use a document designated as "Confidential," the deposing party shall notify the deponent of the document's designation prior to showing the

8

document to the deponent. and provide a copy of this Protective Order to the deponent. The deponent shall not retain or copy any "Confidential" document that is provided to them during the course of the deposition.

10.     <u>Exclusion From Deposition</u>.   Whenever any documents, information or other things designated as "Confidential Information" are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information or other things designated as "Confidential Information," subject to the provisions of this Protective Order.

11.     <u>Subpoenas</u>.   In the event any person or party having possession, custody or control of any Confidential Information receives a subpoena or other process or order to produce such information, such person or party shall promptly notify in writing the attorneys of record of the party claiming such confidential treatment of the item, documents or information sought by such subpoena or other process or order, shall furnish those attorneys of record with a copy of said subpoena or other process or order, and shall provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought to be pursued by the party whose interests may be affected.   If the party asserting the confidentiality makes a motion to quash or modify the subpoena, process or order, the person or party receiving the subpoena or other process or order shall comply with applicable law or order of the court having jurisdiction over such subpoena, process, order, or motion.   If no such motion is made, despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order shall be entitled to comply with it provided it has fulfilled its obligations hereunder.

12.     <u>No Waiver</u>.   Neither the taking of, nor the failure to take, any action to enforce the provisions of this Protective Order, nor the failure to object to any designation, or any such

9

action or omission, shall constitute a waiver of any right to seek and obtain protection or relief of

any claim or defense in this action, or any other action including, but not limited to, the claim or

defense that any information is or is not proprietary to any party, is or is not entitled to particular

protection, or that such information embodies trade secrets of any party. The procedures set

forth herein shall not affect the rights of the parties to object to discovery on grounds other than

those related to trade secrets or proprietary information claims, nor shall it relieve a party of the

necessity of providing proper responses to discovery requests. Furthermore, nothing in this

Protective Order shall require the production of documents, things or other information that any

party contends is protected from disclosure by the attorney-client privilege or the work-product

doctrine. Finally, nothing in this Protective Order shall be deemed a waiver of any party's right

to oppose production of any information or documents for any reason.

13.    <u>No Probative Value</u>. This Protective Order shall not abrogate or diminish any

contractual, statutory or other legal obligation or right of any party or person with respect to any

Confidential Information. The fact that information is designated "Confidential Information"

under this Protective Order shall not be deemed to be determinative of what a trier of fact may

determine to be confidential or proprietary. This Protective Order shall be without prejudice to

the right of any party to bring before the Court the question of: (i) whether any particular

material is or is not confidential; (ii) whether any particular information or material is or is not

entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any

particular information or material is or is not relevant to any issue of this case, provided that in

doing so, the party complies with the foregoing procedures. Absent a stipulation of all parties, or

a court order, the fact that information has been designated confidential under this Protective

Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.

14.     <u>Court's Jurisdiction</u>.   The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.   The provisions of this Protective Order regarding the use and/or disclosure of Confidential Information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Protective Order.

15.     <u>Written Notice.</u>   Written notice provided under this agreement shall be by way of (1) certified mail, return receipt requested <u>and</u> (2) by facsimile to counsel of record for the parties.

16.     <u>Amendments to Protective Order.</u>   This Protective Order may be amended by a stipulation of all parties, subject to the Court's approval, or by way of Court order upon a motion filed by any party seeking to amend the order.   By way of example, and not limitation, each party preserves the right to seek to add to this Stipulation an additional level of protection for produced documents and information which is commonly known as "For Attorney's Eyes Only."

17.     Any third party who receives a subpoena, or other request or demand, for documents or information in this action may opt to become a signatory to this Order.   Such third party must affirm in writing its agreement to abide and be bound by all the terms of this Order, and may then avail itself of the terms and proceedings set forth herein.   Any party serving a subpoena or other request or demand for records from any third party shall inform the third party of the existence of this Protective Order and the opportunity to opt into the this Order.

18.     Documents previously produced may be retroactively designated as Confidential by notice in writing to any receiving party within thirty days (30) of the entry of this Order.

11

SO ORDERED THIS 14th DAY OF _____, 2014.

_____
United States ~~District Judge~~
Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE & CASUALTY COMPANY,

     Plaintiffs,

v.                        CASE NO: 8:13-cv-01932-EAK-TGW

PHYSICIANS GROUP OF SARASOTA, L.L.C.,
PHYSICIANS GROUP, L.L.C., a foreign Delaware
Corporation, GARY KOMPOTHECRAS, DAVID
BALOT, DB MEDICAL CONSULTING, INC.,
W.S. MEDIA, INC., a foreign Delaware corporation,
W.S. MARKETING, INC., and WILLIAM SIGELAKIS,

     Defendants.

_____/

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

    I, _____, state the following:

    1.    I have read and understand the attached Protective Order and I attest to my understanding that access to information designated as "Confidential" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order, both with respect to

12

this Court's powers of supervision of the litigation of the above-captioned case and to the party that produced the protected documents and information.

2.    I shall not use or disclose to others, except in accordance with the Protective Order, any "Confidential" documents or information. If I fail to abide by the terms of this Confidentiality Agreement or the Protective Order, I understand that I may be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected party. I further consent to the exercise of personal jurisdiction by this Court and waive any objection as to venue in connection with any effort to enforce this Confidentiality Agreement.

Date:_____          _____

                                                                      Signature

{29272588.1}

13